UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM HUND and ROMA HUND,

        Plaintiff(s),

v.

UNITED STATES DEPARTMENT OF AGRICULTURE - FOREST SERVICE,

        Defendant(s).

CASE NUMBER: 00-10044

HONORABLE VICTORIA A. ROBERTS

## ORDER GRANTING MOTION TO DISMISS

This Third-Party Complaint, which was removed to this Court from the Iosco County Circuit Court, is before the Court on Defendant's Motion to Dismiss. The Court will grant the Motion to Dismiss.[1]

In their Third-Party Complaint, Plaintiffs William and Roma Hund allege that they are owners of real property in the Township of Plainfield. Defendant, the United States Department of Agriculture - Forest Service, owns property to the north and east of Plaintiffs'. Pursuant to a 1943 survey, Plaintiffs' predecessor in interest constructed a fence that was found in a 1999 survey to be 90 feet east of the actual boundary between Plaintiffs' and Defendant's properties.

---

[1] Oral argument for this Motion was scheduled for May 11, 2000. However, the Court has determined that oral argument is not necessary. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), these motions will be decided on the briefs.

In Count I of their Complaint, Plaintiffs allege that Defendant acquiesced to the fence line being the actual boundary line for more than fifteen years prior to the commencement of this action. Count II alleges that the parties treated and perceived the fence line to be the actual boundary line for over 50 years before the 1999 survey. Thus, the fence line is the actual boundary pursuant to the equitable doctrine of repose.

In its Motion to Dismiss, Defendant argues that Plaintiff cannot maintain a cause of action against the Government based upon the theories of acquiescence or repose. The Court agrees. In *United States v. California*, 332 U.S. 19, 39 (1947), the Court held:

> The Government, which holds its interests here as elsewhere in trust for all the people, is not to be deprived of those interests by the ordinary court rules designed particularly for private disputes over individually owned pieces of property; and officers who have no authority at all to dispose of Government property cannot by their conduct cause the Government to lose its valuable rights by their acquiescence, laches, or failure to act.

In other words, "the United States cannot abandon its own property except by explicit acts." *U.S. v. Steinmetz*, 973 F.2d 212, 222 (3rd Cir. 1992).

Therefore, regardless of whether Defendant's employees treated or perceived the fence line as the actual boundary line for over 50 years, the Government did not lose

2

its right to the property at issue.[2] Accordingly,

**THE COURT HEREBY GRANTS** Defendant's Motion to Dismiss [document 5].

Dated: MAY 1 1 2000

VICTORIA A. ROBERTS
**UNITED STATES DISTRICT JUDGE**

---

[2]The parties dispute whether Plaintiffs' claim is properly titled one for adverse possession or one for acquiescence and repose. However, the Court does not believe that the specific cause of action alleged controls the outcome of this case. Plaintiffs' claims that the Government relinquished its rights to the property as a result of perception, treatment, acquiescence and/or the passage of time are clearly contrary to the holding of *California, supra*.

3